UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:_____

MERCILIA ESCARMANT,

    Plaintiff,

vs.

CASTLE MANAGEMENT LLC,
d/b/a PLAZA OF BAL HARBOUR, LLC,
a Florida Limited Liability Company,

    Defendant.

_____/

## COMPLAINT

The Plaintiff, MERCILIA ESCARMENT (hereinafter "Plaintiff"), by and through the undersigned counsel, and pursuant to Rule 2, Federal Rules of Civil Procedure, hereby files this Civil Action against the Defendant, CASTLE MANAGEMENT, LLC., d/b/a PLAZA OF BAL HARBOUR 1015, LLC., (hereinafter "Defendant"), and in support avers as follows:

## GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $75,000 excluding attorneys' fees or costs for race, national origin, and age discrimination treatment under the Civil Rights Act of 1866, 42 U.S.C. §1981 ("§ 1981").

2. At all times material hereto, Plaintiff was a resident of Miami-Dade, Florida, within the jurisdiction of this Honorable Court.

3. Plaintiff pleads entry into federal court his claims are based on federal law, specifically the Civil Rights Act of 1866, 42 U.S.C. §1981 ("§ 1981").

1

4. The Southern District of Florida is the proper venue under 28 U.S.C. §1391(b) and (c) because it embraces the County where the actions complained of herein occurred.

5. Plaintiff was employed by Defendant, having its principal place of business in Broward County, Florida, within the jurisdiction of this Honorable Court, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

6. Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission, the agency responsible for investigating claims of employment discrimination.

7. Declaratory, injunctive, legal, and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. Plaintiff started working for Defendant on or about November 1994 as a House-Keeper.

9. Plaintiff is a seventy-one-year-old (71), Haitian Female, and, as such, is in a protected category and a covered employee for purposes of § 1981.

10. Throughout Plaintiff's employment with Defendant, Plaintiff was continually discriminated against on the basis of her race, national origin, and age and treated differently than similarly situated non-Haitian employees.

11. Plaintiff's Supervisor "Dano" is a White American Male. Plaintiff's Manager "John" is a Hispanic Male.

12. The majority of Plaintiff's coworkers are Hispanic.

13. Similarly situated non-Haitian employees were treated differently than Plaintiff based on their race, national origin, and age.

14. For instance, John and Dano would hire Hispanic employees based upon their race and give them more favorable hours because they were Hispanic.

15. Plaintiff is Catholic and cannot work on Sundays because Sunday is the day that Plaintiff goes to church and practices her religion.

16. Plaintiff has repeatedly told her supervisor Dano that she cannot work on Sunday's due to her faith and needing to go to church.

17. Dano has continued to schedule Plaintiff on Sunday's despite approving Hispanic employees' request to take time off work.

18. One employee, Elizabeth (Hispanic Female), was approved to take multiple months off work. When Elizabeth returned to work Dano decreased Plaintiff's hours and scheduled Elizabeth to work instead because he favored Hispanic employees.

19. Beginning on or about January 21, 2021, Plaintiff was taken off of the work schedule by Dano despite not being fired or terminated.

20. Shortly after January 21, 2021, Dano, John, and Stephanie (Supervisor) called Plaintiff into the office and told her that she was to resign. No reason was given to Plaintiff.

21. Plaintiff never resigned. Plaintiff attempted multiple times to get paperwork that stated she was terminated or fired. However, no paper-work has been given to Plaintiff.

22. Defendant's held a resignation party for Plaintiff despite the fact that Plaintiff has not resigned or given any indication that she plans to resign. Essentially, Defendants attempted to create the dishonest and false illusion that Plaintiff resigned to constructively terminate Plaintiff due to her race, national origin, age.

23. Plaintiff never missed work, called out sick, or failed to complete her typical eight (8) hour shift despite being refused accommodations for her age.

24. Plaintiff continues to be employed by Defendant at the time of this filing.

25. Any reason proffered by Defendants for the adverse employment actions taken against Plaintiff is mere pretext for unlawful discrimination.

### COUNT I – RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981 AGAINST CASTLE MANAGEMENT LLC

26. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 of this complaint as if set out in full herein.

27. Plaintiff is a member of a protected class under § 1981.

28. By the conduct describe above, Defendants has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to race-based animosity.

29. Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is a Black Haitian.

30. Defendants' conduct complained of herein was willful and in disregard of Plaintiff's protected rights.  Defendants and its supervisory personnel were aware that discrimination on the basis of race was unlawful but acted in reckless disregard of the law.

31. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendants.

32. Defendants retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

33. As a result of Defendants' actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

34. The conduct of Defendants, by and through the conduct of its agents, employees, and/or representatives, and the Defendants' failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

35. The actions of the Defendants and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendants for its actions and to deter it, and others, from such action in the future.

36. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendants' discriminatory practices unless and until this Honorable Court grants relief.

37. So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorneys Fee Award Act.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendants:

   a. Adjudge and decree that Defendants has violated 42 U.S.C. § 1981, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

   b. Enter a judgment requiring that Defendants pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

   c. Enter an award against Defendants and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    d. Require Defendants to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendants, or in lieu of reinstatement, award front pay;

    e. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

    f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II– NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981 AGAINST CASTLE MANAGEMENT LLC

38. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 of this complaint as if set out in full herein.

39. Plaintiff is a member of a protected class under § 1981.

40. By the conduct describe above, Defendants has engaged in discrimination against Plaintiff because of Plaintiff's color and subjected the Plaintiff to national-origin animosity.

41. Such discrimination was based upon the Plaintiff's national-origin in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff a Black Haitian.

42. Defendants' conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendants and its supervisory personnel were aware that discrimination on the basis of color was unlawful but acted in reckless disregard of the law.

43. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendants.

44. Defendants retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory

actions.

45. As a result of Defendants' actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

46. The conduct of Defendants, by and through the conduct of its agents, employees, and/or representatives, and the Defendants' failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

47. The actions of the Defendants and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendants for its actions and to deter it, and others, from such action in the future.

48. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendants' discriminatory practices unless and until this Honorable Court grants relief.

49. So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorneys Fee Award Act.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendants:

   a. Adjudge and decree that Defendants has violated 42 U.S.C. § 1981, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

   b. Enter a judgment requiring that Defendants pay Plaintiff appropriate back pay, benefits'

  adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendants and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendants to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendants, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III- AGE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981 AGAINST CASTLE MANAGEMENT LLC

50. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-25 of this complaint as if set out in full herein.

51. Plaintiff is a member of a protected class under § 1981.

52. By the conduct describe above, Defendants has engaged in discrimination against Plaintiff because of Plaintiff's color and subjected the Plaintiff to age-based animosity.

53. Such discrimination was based upon the Plaintiff's color in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is seventy-one (71).

54. Defendants' conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendants and its supervisory personnel were aware that discrimination on the basis of age was unlawful but acted in reckless disregard of the law.

55. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's

employment with the Defendants.

56. Defendants retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

57. As a result of Defendants' actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

58. The conduct of Defendants, by and through the conduct of its agents, employees, and/or representatives, and the Defendants' failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

59. The actions of the Defendants and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendants for its actions and to deter it, and others, from such action in the future.

60. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendants' discriminatory practices unless and until this Honorable Court grants relief.

61. So that Plaintiff's rights may be protected, Plaintiff has retained the undersigned counsel who is entitled to attorney's fees pursuant to 42 U.S.C. § 1988, the Civil Rights Attorneys Fee Award Act.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendants:

g. Adjudge and decree that Defendants has violated 42 U.S.C. § 1981, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

h. Enter a judgment requiring that Defendants pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

i. Enter an award against Defendants and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

j. Require Defendants to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendants, or in lieu of reinstatement, award front pay;

k. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

l. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

62. Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: January 11, 2022    Respectfully submitted,

/s/ Anthony M. Georges-Pierre

**Anthony M. Georges-Pierre, Esq.**
Florida Bar No.: 533637
agp@rgpattorneys.com
**Max L. Horowitz, Esq.**
Florida Bar No.: 118269
mhorowitz@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005